IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NATIONAL FIRE AND MARINE INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:22-cv-01500 |
| v. | : | |
| | : | |
| GENESIS HEALTHCARE, INC., | : | |
| | : | |
| Defendant. | : | |

### REPORT OF RULE 26(f) MEETING

Under Federal Rule of Civil Procedure 26(f), this Court's June 3, 2022 Order and this Court's Policies, counsel for the parties conferred on June 8, 2022 and submit the following joint report of their meeting for the Court's consideration at the initial pretrial conference on June 17, 2022.

1. **Discussion of specific claims, defenses and relevant issues**

National Fire & Marine Insurance Company ("National Fire") is seeking a declaratory judgment of its rights and obligations under policies of liability insurance issued to Genesis Healthcare, Inc. ("Genesis") to resolve a dispute between National Fire and Genesis concerning whether Genesis must satisfy one or multiple self-insured retention(s) before National Fire is obligated to provide coverage under the applicable policies in connection with a number of lawsuits, claims, and potential claims against Genesis entities.

Genesis has taken the position that all lawsuits, claims, and potential claims arise from the uniform safety practices and procedures developed and controlled by Genesis' leadership for protecting all persons at all facilities from the nationwide COVID-19 pandemic and therefore

1

constitute one "health care event" under the applicable policies, such that once Genesis satisfies one self-insured retention, National Fire is obligated to provide coverage. It is National Fire's position, that the lawsuits, claims, and potential claims arise from different and separate acts or omissions in the furnishing of professional services which constitute multiple health care events, such that multiple "per event" self-insured retentions apply. Genesis and National Fire also dispute whether all current and future lawsuits, claims, and potential claims at issue are, or are deemed to be, claims made against an insured and reported to National Fire prior to December 1, 2020, such that they would trigger coverage provided by the National Fire policies in effect from December 1, 2019 to December 1, 2020.

National Fire and Genesis expect to conduct discovery of facts related to the following issues that are in dispute: (1) whether one or multiple self-insured retention(s) apply to the lawsuits, claims, and potential claims asserted against Genesis at issue; and (2) whether those lawsuits, claims and potential claims fall within the coverage provided under the National Fire policies in effect from December 1, 2019 to December 1, 2020.

In terms of information each party needs in discovery, National Fire will request that Genesis produce documents pertaining to the underlying lawsuits, claims, and potential claims arising from the COVID-19 pandemic in order to assess whether such lawsuits, claims, and potential claims arise from multiple "health care events."

Genesis expects to conduct discovery regarding National Fire's claims handling practices, underwriting practices, analysis of Genesis's COVID-19 batch claim, history of pricing policies and providing coverage for batch claims and large-scale health events, communications regarding COVID-19 batch claims, drafting practices, rating practices and participation in industry-wide programs and presentations regarding matters related to Genesis' claim, including batch claims

and coverage for large-scale health events. In addition, Genesis will seek discovery on claims that are deemed by National Fire to constitute single "health care events" so that only one self-insured retention applies. National Fire does not agree that all subject matters of anticipated discovery Genesis has identified are within the proper scope of discovery under Rule 26(b).

National Fire and Genesis reserve the right to object to discovery of information that is not relevant to the parties' claims and defenses or proportional to the needs of the case.

**2. Stipulated facts and insurance coverage and deductibles**

The parties stipulate that the following facts are not in dispute:

1. National Fire issued Policy No. NSC100053 to Genesis for the policy period of December 1, 2019 to December 1, 2020 ("Policy No. NSC100053").

2. National Fire issued Policy No. ENSC100053 for the December 1, 2019 to December 1, 2020 policy period (the "Policy No. ENSC100053").

3. On September 21, 2020, Genesis sent to Medical Protective ("MedPro"), as claims administrator for National Fire, a letter advising National Fire of "circumstances related to the COVID-19 pandemic which could give rise to a claim."

4. Genesis supplemented its September 21, 2020 initial notice letter on various occasions, including October 29, 2020, March 1, 2021, May 5, 2021, July 8, 2021, and December 22, 2021.

5. Genesis has notified National Fire of multiple claims or potential claims, which concern a number of Genesis's facilities.

6. Genesis has provided to National Fire a spreadsheet of residents at multiple Genesis facilities who contracted COVID-19, or were presumed to have contracted COVID-19, since March 2020.

7. Genesis has notified National Fire of numerous lawsuits filed against Genesis and/or its affiliates, including but not limited to the following lawsuits that National Fire referenced in its complaint:

1. *Estate of Robert Blessing, et al. vs. 4927 Voorhees Road, LLC d/b/a Orchard Ridge*, No. 2020CA002289CAXWS, Circuit Court of the 6th Judicial Circuit for Pasco County, Florida;

2. *Estate of Roberta Daniels, et al. vs. The Earlwood, LLC and Spring Senior Assisted Living, LLC*, No. 21STCV27408, Superior Court of the State of California, County of Los Angeles;

3. *Estate of Carmen Bejar Figueroa, et al. vs. Anaheim Terrace Care Center and Genesis Healthcare, LLC*, No. 30-2021-01186015-CU-PO-CJC, Superior Court of the State of California, County of Orange;

4. *Donald Henry vs. Genesis Healthcare Corporation, Brier Oak on Sunset, LLC, et al.,* No. 20STCV20023, Superior Court of the State of California, County of Los Angeles;

5. *Estate of Shirley Laird vs. 700 Marvel Road Operations, LLC, Genesis Operations, LLC, et al.*, No. N21C-06-055 SKR, Superior Court of the State of Delaware;

6. *Estate of Norma Olaso vs. Alexandria Care Center, LLC d/b/a Genesis Healthcare, et al.*, No. 21STCV0905, Superior Court of the State of California, County of Los Angeles;

7. *Joan Ossowski vs. St. Joseph Transitional Rehabilitation Center, LLC*, No. A-21-836657, District Court for Clark County, Nevada;

8. *Myra Reis vs. 84 Cold Hill Road Operations, LLC d/b/a Holly Manor Center*, No. MRS-L-000560-21, Superior Court of New Jersey, Morris County;

9. *Estate of Joseph Soto vs. St. Joseph Rehabilitation Center, LLC*, No. A-21-839174-C, District Court for Clark County, Nevada;

10. *Archie Summerville vs. 1801 Wentworth Road Operations, LLC d/b/a Perring Parkway Center*, No. 2021-016, Health Care Alternative Dispute Resolution Center in Baltimore, Maryland;

11. *Estate of Howard Wayne vs. 329 Exempla Circle Operations, LLC d/b/a PowerBack Rehabilitation Lafayette*, No. 2021CV030151, Boulder County, Colorado;

12. *Estate of Deloria Young vs. Genesis Healthcare, Inc.,* No. S21C-12-018 MHC, Sussex County Superior Court of Delaware;

13. *Estate of Evelyn Cornelson vs. 700 Marvel Road Operations, LLC d/b/a Milford Center*, No. N20C-04-059 JRJ, Sussex County Superior Court of Delaware;

14. *Estate of Edward Hudson vs. 700 Marvel Road Operations, LLC d/b/a Milford Center*, No. N21C-08-155, New Castle County Superior Court of Delaware;

15. *Rosa Chahin vs. 292 Applegarth Road Operations, LLC, et al.,* No. MID-L006624-21, Middlesex County Superior Court of New Jersey;

16. *Estate of Zipper Addison vs. 7520 Surratts Road Operations, LLC d/b/a Genesis-Bradford Oaks Center*, No. 2021-432, Healthcare Alternative Dispute Resolution Office of Maryland;

17. *Estate of Deborah Rojas vs. 12080 Bellaire Way Operations LLC d/b/a Elms Haven Center, et al.*, No. 2022CV30298, District Court of Adams County, Colorado; and

18. *Estate of Ruby Reed, et al. vs. Lopatcong Center*, No. MID-L-001258-22, Superior Court of New Jersey, Middlesex County.

8. MedPro, on behalf of National Fire, issued a reservation letter to Genesis on January 20, 2021, which acknowledged Genesis's report of certain potential claims relating to COVID-19.

9. On March 8, 2022, MedPro issued a supplemental reservation of rights and coverage position letter to Genesis in light of the underlying lawsuits, claims, and potential claims that have been filed and asserted against Genesis and its affiliates.

10. MedPro also issued a partial declination letter in connection with the *Figueroa* action.

11. The lawsuits, pre-suit claims, and potential claims of which Genesis has notified National Fire to date implicate the professional liability coverage part of the Policy No. NSC100053.

The parties further note that prior to any depositions in this matter, the parties will undertake to stipulate to background facts not in dispute for each witness in advance of each deposition, to the extent possible.

Disclosure of Genesis' insurance policy limits or deductible is not applicable to this declaratory judgment action.

**3. Informal disclosures**

National Fire served its Rule 26(a) initial disclosures on June 10, 2022. National Fire's initial disclosures included its initial document production, which consisted of the applicable National Fire insurance policies, complaint files in all underlying lawsuits and related documents currently in National Fire's possession, all coverage-related correspondence between Genesis and MedPro or National Fire, and documents related to claims and potential claims of which Genesis has notified National Fire.

Genesis served its Rule 26(a) initial disclosures on June 10, 2022. Genesis's initial disclosures also included its initial document production, which consisted of spreadsheets tracking COVID-19 incidents at Genesis's locations, information regarding pre-suit claims, information regarding Genesis's COVID-19 protocol, communications with affiliates, other communications and documents concerning Genesis' response to COVID-19, insurance policies, information regarding insurance premiums, notices of intent to sue by residents/families including but not limited to demand letters and other claim-related communications, underlying complaints filed by or on behalf of individuals who suffered COVID-19-related injuries, communications to Genesis' insurance companies regarding notice of claims and potential claims related to COVID-19, documents reflecting the control exercised by Genesis leadership over COVID-19 safety practices and procedures at all facilities nationwide, documents reflecting

communications from Genesis leadership to all facilities conveying instructions about COVID-19 safety practices and procedures, documents reflecting compliance by all facilities with the COVID-19 safety practices and procedures required by Genesis leadership, communications between Genesis and its insurance companies concerning coverage for the COVID-19 batch claim, communication between Genesis and its insurance companies concerning defense counsel and other matters.

4. **Additional disclosures [in patent non-ANDA cases only]**

   N/A

5. **Formal discovery**

   To date, the parties have exchanged initial disclosures under Rule 26(a). Following the June 17, 2022 initial pre-trial conference, the parties will exchange written discovery. The parties request a 120-day discovery period, which has commenced on June 3, 2022.

   In conjunction with formal discovery, the parties will exchange and enter into a confidentiality agreement to protect certain non-public and confidential information that is protected from public disclosure under the Privacy Rule of the Health Information Portability and Accountability Act of 1996 ("HIPAA"). The parties ask that the Court consider entering this joint confidentiality agreement as a protective order. Further, the parties wish to discuss with the Court protocols for sealing or redacting non-public, protected health information that may be necessary and relevant for inclusion in court filings, such as dispositive motions.

6. **Electronic discovery**

   The parties are working on identifying custodians of documents and electronically stored information ("ESI"), and are in the process of identifying search terms necessary to pull all relevant, non-privileged documents and ESI for production. If necessary, the parties will enter into

a joint ESI agreement (separate from the Court's default order) that sets forth the protocol for producing ESI. Otherwise, the parties plan to abide by the Court's default electronic discovery order.

7. **Expert witness disclosures**

The parties have agreed that they will meet and confer within ten days before the close of fact discovery to determine if expert testimony is needed and on which topics expert testimony is needed, if any. Should the parties determine that experts are needed, expert reports will be due 30 days after the parties' meeting, any opposing expert reports will be due 30 days thereafter, and the deadline for expert depositions to be held will be 30 days after all opposing expert reports are due.

8. **Settlement or resolution**

The parties are willing to discuss a settlement or resolution to resolve their disputes. The parties plan to discuss with their respective clients a possible framework for a resolution on the dispute of the number of self-insured retention(s) that apply to the claims and potential claims, and the number of "health care events" arising from the COVID-19 pandemic.

The parties will plan on exchanging settlement proposals prior to any settlement conference with a Magistrate Judge.

9. **Trial**

The parties estimate that trial of this matter will take seven days. Anticipating that the trial will take place in early 2023, National Fire and Genesis do not presently know of any specific dates of unavailability.

10. **Referral to Magistrate Judge**

The parties ***DO NOT*** agree to a referral of this case to U.S. Magistrate Judge Heffley for trial at this time.

**11. Other matters**

There are no other matters at this time.

June 15, 2022

| | |
|---|---|
| */s/ Louis H. Kozloff*_____ | */s/ Pamela D. Hans*_____ |
| Louis H. Kozloff (PA 82368) | Rhonda D. Orin (admission pending) |
| Kelsey L. Knish (PA 323620) | Pamela D. Hans (PA 88138) |
| Kennedys CMK, LLP | Anderson Kill, P.C. |
| 1600 Market Street, Suite 1410 | 1760 Market Street, Suite 600 |
| Philadelphia, PA 19103 | Philadelphia, Pennsylvania 19103 |
| Tel: (267) 479-6700 | Tel: (267) 216-2700 |
| Fax: (215) 665-8475 | Fax: (215) 568-4573 |

*Attorneys for Plaintiff*
National Fire & Marine
Insurance Company

*Attorney for Defendant*
Genesis Healthcare, Inc.

## **CERTIFICATE OF SERVICE**

    I, Louis H. Kozloff, hereby certify that on June 15, 2022, I electronically filed the foregoing Report of Rule 26(f) Meeting with the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania, using the Court's electronic files system, CM/ECF, which will send notice of electronic filing via electronic mail to all counsel of record.

                                                      By:    */s/ Louis H. Kozloff*
                                                                    Louis H. Kozloff