IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONAL FIRE AND MARINE INSURANCE COMPANY** : | **CIVIL ACTION** |
| : | |
| **v.** : | **NO. 22-1500** |
| : | |
| **GENESIS HEALTHCARE, INC.** : | |

# ORDER

**AND NOW**, this 17th day of June 2022, following our June 3, 2022 Order (ECF Doc. No. 14) beginning discovery and today's telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a three-day nonjury trial beginning **December 7, 2022** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2. Finding particularized harm from unnecessary disclosure, we grant the parties leave to redact the names of patients and substitute with the patient's initials in public filings but only when referring to protected health information.

3. We **strike** Affirmative Defense No. 3 and laches in No. 4 (ECF Doc. No. 13) without prejudice.[1]

---

[1] We questioned Defendant's counsel regarding its affirmative defense of unclean hands. Defendant's response focused on the Plaintiff's alleged writings first agreeing to language and now recanting their earlier alleged statements. Defendant used the same argument in offering facts to support its waiver and estoppel defense. "The equitable doctrine of unclean hands applies when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001) (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)). A claim is barred under this doctrine when a party seeking affirmative relief is guilty of

4. All motions to further amend the pleadings and to join or add additional parties shall be filed by **June 24, 2022.**

5. All fact and expert discovery shall be served, noticed and completed by **September 9, 2022** and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[2]

---

conduct involving fraud, deceit, unconscionability, or bad faith directly related to the matter in issue injuring the other party and affecting the balance of equities between litigants. *Romero v. Allstate Ins. Co.*, 52 F. Supp. 3d 715, 734 (E.D. Pa. 2014) (quoting *Imprisoned Citizens Union v. Shapp*, 11 F.Supp.2d 586, 608 (E.D. Pa. 1998)).

Defendant also confirmed it has not yet exhausted the self-insured retention limit for one claim let alone issues on batching similar claims under defined policy terms . We see no basis for laches and there could be no delay causing prejudice at this stage.

Defendant offers no fact basis at this stage for the unclean hands and laches defenses.

Federal Rule of Civil Procedure 11 requires defenses based on pleaded facts known to the defendant at time of filing and law applicable to the pleaded facts. *See MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 626–27 (8th Cir. 2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387–88 (D. Md. 2014) (reciting answers with "irrelevant and unsupported affirmative defenses" is sanctionable under Rule 11); *Profile Publ'g and Mgmt. Corp. APS v. Musicmaker.com., Inc.*, 242 F. Supp. 2d 363, 366–67 (S.D.N.Y. 2003) (finding violation of Rule 11 because defendant asserted affirmative defenses "without the reasonable inquiry required under the circumstances").

When pleading an affirmative defense, the defendant has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" to ensure the defense is not frivolous, legally unreasonable, and without factual foundation. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter.*, 498 U.S. 533, 545 (1991)). Affirmative defenses may be frivolous when they are highly repetitive, inapplicable, and duplicative. *See Edwards v. CSXT Transp., Inc.*, 338 F.R.D. 590, 593 (E.D.N.C. 2021) ("[A] party or attorney who includes inapplicable or unsupportable affirmative defenses exposes themselves to Rule 11 sanctions.").

[2] The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave.

6. No later than **August 22, 2022**, Plaintiff shall serve a detailed written offer under F.R.E. 408 evaluating the strength and weakness of its claims as to each purported event for purposes of batching and Defendant shall provide a detailed written response on or before **August 31, 2022**.

7. **This matter is referred to Magistrate Judge Heffley for all settlement purposes.** Plaintiff's counsel will immediately contact Magistrate Judge Heffley to schedule an initial settlement conference to occur on or before **September 7, 2022**. Counsel will timely advise Magistrate Judge Heffley if there is no chance of settlement before the conference.

8. Each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **August 12, 2022**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **September 6, 2022**. Expert depositions, if any, shall be concluded no later than **September 9, 2022**.

9. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance, and the basis for each opinion.

10. Summary judgment and *Daubert* motions, if any, shall be filed no later than **September 14, 2022**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **September 28, 2022**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

3

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning

sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

   (f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

   (g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

  11. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

  12. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

  13. No later than **November 18, 2022**, each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

  14. No later than **November 21, 2022**, each party shall file a pretrial memorandum compliant with our Policies.

  15. All motions affecting trial presentations (e.g., *in limine*), list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **November 22, 2022**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **November 29, 2022**.

16. Counsel is attached for a three-day nonjury trial beginning on **December 7, 2022** at **9:00 A.M.** in Courtroom 6-B.

_____
**KEARNEY, J.**