**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————————————

|  |  |  |
|---|---|---|
| NATIONAL FIRE AND MARINE INSURANCE COMPANY, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 2:22-cv-01500 |
| GENESIS HEALTHCARE, INC., | : : | |
| Defendant. | : : : | |

—————————————————————————

**PLAINTIFF NATIONAL FIRE AND MARINE INSURANCE COMPANY'S ANSWER**
**AND AFFIRMATIVE DEFENSES**
**TO DEFENDANT GENESIS HEALTHCARE, INC.'S COUNTERCLAIMS**

Plaintiff National Fire and Marine Insurance Company ("National Fire") by and through its attorneys, Kennedys CMK LLP, hereby answers Defendant Genesis Healthcare, Inc's ("Genesis") Counterclaims, and in support thereof, avers as follows:

**THE PARTIES**

1. Admitted upon information and belief.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Admitted.

**NATURE OF THE ACTION**

6. Admitted in part, denied in part. It is admitted only that National Fire issued Policy No. NSC100053 (the "Primary Policy") and Policy No. ENSC100053 (the "Excess Policy") to

Genesis for the December 1, 2019 to December 1, 2020 policy period (collectively, the "National Fire Policies") and that there is a dispute between Genesis and National Fire concerning their respective interpretations of the National Fire Policies. By way of further response, the allegations in this paragraph refer to National Fire's Amended Complaint, which is a document that speaks for itself. Any characterization or interpretation of the document by Defendant is denied. Moreover, the allegations in this paragraph set forth conclusions of law to which no response is required.

7.      Admitted upon information and belief.

8.      Admitted upon information and belief.

9.      The allegations in this paragraph refer to Genesis's notice letters, which are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

10.     The allegations in this paragraph refers to National Fire's January 20, 2021 reservation of rights letters issued to Genesis, which is a document that speaks for itself. Any characterization or interpretation of the document by Genesis is denied.

11.     Denied. National Fire denies that it has taken inconsistent positions. Moreover, the allegations in this paragraph refers to National Fire's reservation of rights letters and Amended Complaint, which are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

12.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

13.     The allegations in this paragraph are conclusions of law to which no response is required.

14.     The allegations in this paragraph set forth conclusions of law to which no response is required.

15.     Admitted.

16.     The National Fire Policies are documents that speak for themselves. Any characterization or interpretation of the National Fire Policies by Genesis is denied.

17.     Denied. Moreover, the allegations in this paragraph refer to the National Fire Policies, which are documents that speak for themselves. Any characterization or interpretation of the National Fire Policies by Genesis is denied. By way of further response, the allegations in this paragraph set forth conclusions of law to which no response is required.

18.     Denied. Moreover, the allegations in this paragraph refer to the National Fire Policies, which are documents that speak for themselves. Any characterization or interpretation of the National Fire Policies by Genesis is denied. By way of further response, the allegations in this paragraph set forth conclusions of law to which no response is required.

19.     Denied.  National Fire denies that it "erroneously" contends that the underlying lawsuits, claims and potential claims do not arise from or constitute one health care event.  National Fire further denies that it has a contractual duty to defend or indemnify Genesis for the underlying lawsuits, claims and potential claims upon the exhaustion of a single self-insured retention.

20.     Admitted.

21.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied. National Fire denies that Genesis is entitled to the declaratory judgment it seeks.

I.    **GENESIS' INSURANCE PROGRAM**

22.     Admitted in part, denied in part. It is admitted only that National Fire issued the National Fire Policies to Genesis. By way of further response, the National Fire Policies are

documents that speak for themselves. Any characterization or interpretation of the National Fire Policies by Genesis is denied.

23.     Admitted in part, denied in part. It is admitted only that National Fire issued the Primary Policy to Genesis. By way of further response, the Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied.

24.     Admitted in part, denied in part. It is admitted only that National Fire issued the Excess Policy to Genesis. By way of further response, the Excess Policy is a document that speaks for itself. Any characterization or interpretation of the Excess Policy by Genesis is denied.

25.     Admitted.

26.     Admitted.

27.     Denied. The allegations in this paragraph refer to Genesis's notice letters, which are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

28.     Denied. The underlying complaints and documents regarding underlying claims or potential claims are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied. By way of further response, the allegations in this paragraph include conclusions of law to which no response is required.

29.     National Fire's Amended Complaint is a document that speaks for itself. Any characterization or interpretation of the document by Genesis is denied. To the extent a response to factual allegations is required, after reasonable investigation, National Fire is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph because the claims, potential claims, and lawsuits to which Genesis refers are not identified.

30.    Denied as stated. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, after reasonable investigation, National Fire is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph because the claims, potential claims, and lawsuits to which Genesis refers are not identified. By way of further response, The underlying complaints and documents regarding underlying claims or potential claims are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

31.    Admitted.

32.    Denied.  National Fire's reservation of rights letter are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

33.    Denied.

34.    The Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied.

35.    The Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied.

36.    Denied. The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

37.    The Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied. By way of further response, the allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

38.    The Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied. By way of further response, the

allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

39.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

40.     Admitted in part, denied in part. National Fire only admits that there is an actual and justiciable controversy between Genesis and National Fire. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied. Furthermore, the National Fire Policies are documents that speak for themselves. Any characterization or interpretation of the National Fire Policies by Genesis is denied.

41.     Admitted.

42.     Admitted in part, denied in part. National Fire only admits that there is an actual and justiciable controversy between Genesis and National Fire regarding whether the underlying lawsuits, claims and potential claims arise from one health care event or multiple health care events and the number of self-insured retentions that Genesis must satisfy before the National Fire Policies would provide coverage for any of the underlying lawsuits, claims and potential claims.

43.     The allegations in this paragraph refer to National Fire's reservation of rights letters, which are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

## COUNT I – DECLARATORY JUDGMENT – 28 U.S.C §2201
### THE PRIMARY POLICY

44.     National Fire repeats and re-alleges its responses as set forth in the foregoing paragraphs of its Answer as if fully set forth herein.

45.    The allegations in this paragraph are conclusions of law to which no response is required.

46.    Denied. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

47.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

48.    Denied. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied. By way of further response, the Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied.

49.    Denied. The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response to factual allegations is required, the allegations are denied.

50.    Denied as stated. The allegations in this paragraph include conclusions of law to which no response is required. By way of further response, The allegations in this paragraph refer to National Fire's reservation of rights letters, which are documents that speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

51.    Admitted in part, denied in part. It is admitted only that there is an actual and justiciable controversy between Genesis and National Fire regarding whether the underlying lawsuits, claims and potential claims arise from one health care event or multiple health care events and the number of self-insured retentions that Genesis must satisfy before the National Fire

Policies would provide coverage for any of the underlying lawsuits, claims and potential claims.. By way of further response, the Primary Policy is a document that speaks for itself. Any characterization or interpretation of the Primary Policy by Genesis is denied. The allegations in this paragraph also include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

## COUNT II DECLARATORY JUDGMENT – 28 U.S.C. §2201 – THE EXCESS POLICY

52.     National Fire repeats and re-alleges its responses as set forth in the foregoing paragraphs of its Answer as if fully set forth herein.

53.     The allegations in this paragraph are conclusions of law to which no response is required.

54.     National Fire's reservation of rights letters are documents which speak for themselves. Any characterization or interpretation of the documents by Genesis is denied.

55.     Denied. The allegations in this paragraph also include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied. By way of further response, the Excess Policy is a document that speaks for itself. Any characterization or interpretation of the Excess Policy by Genesis is denied.

56.     Denied. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

57.     Denied. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

58.     Admitted in part, denied in part. It is admitted only that there is an actual and justiciable controversy between Genesis and National Fire regarding whether the underlying lawsuits, claims and potential claims arise from one health care event or multiple health care events and the number of self-insured retentions that Genesis must satisfy before the National Fire Policies would provide coverage for any of the underlying lawsuits, claims and potential claims. By way of further response, the Excess Policy is a document that speaks for itself. Any characterization or interpretation of the Excess Policy by Genesis is denied. The allegations in this paragraph also include conclusions of law to which no response is required. To the extent a response to factual allegations is required, the allegations are denied.

59.     Denied. National Fire denies that it has interpreted the National Fire Policies in an "unduly narrow" way and denies that its interpretation of the National Fire Policies is contrary to the terms of the polices or applicable law.

60.     The allegations in this paragraph are conclusions of law to which no response is required.

### GENESIS'S PRAYER FOR RELIEF

National Fire denies that Genesis is entitled to any of the relief sought in the Counterclaims.

### AFFIRMATIVE DEFENSES

National Fire asserts the following Affirmative Defenses to Genesis's Counterclaims:

### FIRST AFFIRMATIVE DEFENSE

Genesis's Counterclaims fail to state a claim against National Fire upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The extent of National Fire's obligations to Genesis, if any, are defined, limited, and controlled by the National Fire Policies, including coverages and limits of insurance provided therein and the terms and conditions therein.

### THIRD AFFIRMATIVE DEFENSE

Any alleged damages sustained by Genesis were not caused in fact or proximately caused by the alleged acts of National Fire.

### FOURTH AFFIRMATIVE DEFENSE

National Fire did not breach any duties owed to Genesis under the National Fire Policies.

### FIFITH AFFIRMATIVE DEFENSE

Genesis has not satisfied all obligations under the National Fire Policies and has not complied with all conditions precedent to coverage.

### SIXTH AFFIRMATIVE DEFENSE

National Fire reserves the right to assert any and all defenses, including all defenses that may be available to them under the National Fire Policies, as well as all defenses that may be applicable based on information obtained in discovery or further investigation.

**WHEREFORE**, National Fire respectfully requests that the Court enter judgment in favor of National Fire declaring that: (1) the known underlying lawsuits and pre-suit claims and potential claims arise from multiple health care events and that Genesis must satisfy a self-insured retention for each health care event before National Fire is obligated to provide coverage for the underlying lawsuits and pre-suit claims and potential claims; and (2) only those underlying lawsuits, pre-suit claims and potential claims or future claims or potential claims that involve the same health care

event as those claims or potential claims first reported to National Fire prior to the December 1, 2020 expiration of the National Fire Policies will be considered a claim made or a potential claim discovered during the policy period of the National Fire Policies.

Dated: July 22, 2022                    Respectfully Submitted,

**KENNEDYS CMK, LLP**

By:      */s/ Louis H. Kozloff*
Louis H. Kozloff (PA 82368)
Kelsey L. Knish (PA 323620)
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: (267) 479-6700
Fax: (215) 665-8475

*Attorneys for Plaintiff*
National Fire and Marine Insurance Company

**<u>CERTIFICATE OF SERVICE</u>**

I, Louis H. Kozloff, hereby certify that on July 22, 2022, a true and correct copy of the within Plaintiff National Fire and Marine Insurance Company's Answer and Affirmative Defenses to Defendant Genesis Healthcare, Inc.'s Counterclaims was served upon all counsel of record via the Court's Electronic Case Filing system.


By:    */s/ Louis H. Kozloff*
       Louis H. Kozloff